*EIGHT HOUR TOBACCO CO. v. GEORGE KOELLNER.

1. FAILURE TO GUARD STATIONARY ENGINE DOES NOT MAKE A MASTER LIABLE IF NOT THE PROXIMATE CAUSE OF THE INJURY.

Failure to enclose a stationary engine in a factory with a guard rail as provided by Gen. Code 1027, does not make the master liable for an injury to the seller of a steam pump, assisting the master's own employes in carrying it by the engine in operation, since it appears that an ordinary guard rail would not have prevented the accident.

2. INSTRUCTION ERRONEOUSLY REFUSED.

The testimony having tended to prove that one assisting a master's employes on carrying a heavy weight, accidentally, and through no fault of theirs, tripped over the corner of an engine platform while walking backwards past it, an instruction raising the theory that the tripping rather than failure to guard the engine was the proximate cause of the injury was improperly refused.

3. RESPONDEAT SUPERIOR.

One, not an employe, assisting employes in carrying by an unguarded revolving engine a heavy piece of machinery sold by him to the master, being injured by the negligence of the engineer causing him to fall against such engine, would recover under the doctrine of respondeat superior and not for failure to maintain guard rails about the engine.

GIFFEN, P. J.

The plaintiff in the original action, George Koellner, sold and delivered to the defendant, the Eight Hour Tobacco Co., a steam pump weighing about 400 lbs., and while assisting the employes of the defendant in carrying the pump through a narrow passageway, on one side of which was a revolving engine, suffered a fracture of his right arm by a stroke from the crank of the engine. The jury returned with a general verdict for the plaintiff the following interrogatory and answer:

"What act or acts, if any, on the part of the defendant, was the immediate cause of the plaintiff's injury? In per-

_____

*Reversed, no op., *Koellner* v. *Tobacco Co.* 84 O. S. 496.

mitting an engine to operate at the time the pump was being carried in a narrow passageway without said engine being guarded.''

Although the passageway was only two and one-half feet wide with a coalbin on one side and an engine operating on the other, the pump was bulky and heavy and three men were assisting plaintiff in the work, it does not appear that the work could not be performed with reasonable security provided each and all of the workmen exercised ordinary care. Had the engine itself been surrounded by an ordinary guard rail, it would have afforded plaintiff's arm no protection, unless placed at such height as would prevent his arm from extending over or under it and from coming in contact with the engine.

It is averred in the petition, and the evidence tends to prove, that the engineer, one of the three employes of the defendant, negligently caused said pump to be moved so as to force plaintiff over and upon the revolving wheel of the engine. If this be so, then the negligent act of the engineer was the proximate cause of the injury and the unguarded engine only a condition; but in that event the defendant would be liable as he was not a fellow servant and the doctrine of *respondeat superior* applies. *McIntire St. Ry.* v. *Bolton,* 43 Ohio St. 224 [1 N. E. Rep. 333; 54 Am. Rep. 803]; *Cleveland, T. & V. Ry.* v. *Marsh,* 63 Ohio St. 236 [58 N. E. Rep. 821; 52 L. R. A. 142].

On the other hand there is testimony tending to prove that the plaintiff accidentally tripped on the corner of the engine platform while walking backward and carrying the pump; and without any fault of the other workmen. This theory of the case was presented by special instruction No. 5 requested by the defendant but refused by the court. We think this was error, because under such circumstances the unguarded revolving engine was not the proximate cause of the injury; but the efficient and direct cause was the accidental tripping of the plaintiff.

The defendant objects to the charge of the court upon contributory negligence, because not in issue; but it offered testimony tending to prove such negligence and it was received with-

Eight Hour Tobacco Co. v. Koellner.

out objection, hence it can not consistently complain of an appropriate instruction for the consideration and application of such evidence by the jury.

Special instruction No. 1 given by request of defendant, although most favorable to it, should not have been given, because it excludes all consideration of the negligence of the employes assisting in the work.

The judgment will be reversed for error in refusing special instruction No. 5 requested by defendant, and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.